UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JOSEPH ARTHUR KETOLA,

        Plaintiff,

v.

MICHIGAN STATE POLICE,
POST 56 et al.,

        Defendants.
_____/

Case No. 1:07-cv-1118

Honorable Robert Holmes Bell

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is incarcerated in the Allegan County Jail. Plaintiff's complaint, as amended, concerns events surrounding his arrest in Allegan County on August 12, 2007. In his *pro se* complaint, Plaintiff sues Michigan State Police, Post 56; State Troopers Scott Ernstes and Ben Clearwater; Allegan County Sheriff Department, Allegan County Detective Bureau, Sheriff Blaine Koops, Sergeants Nyla Merrell, John Saxton, Chuck Rewalt and Tom Taverna; and Deputies Bert Mancuso, Nancy Nocera, Meagan Bearder, Dixie Puenta, (unknown) Dorlag, Jim Miller, and Koreena Bucama.

Plaintiff claims that on August 12, 2007, his wife, Brittany Ann Ketola, called police to report that she had just hit Plaintiff in the head five times with a hammer. Plaintiff alleges that Defendant State Troopers Ernstes and Clearwater, the first officers to arrive on the scene, arrested him even though he was the victim of the domestic assault. Plaintiff claims that his wife, who was under the influence of various prescription drugs, marijuana and alcohol, was not arrested for the assault. Plaintiff further claims that Defendants Ernstes and Clearwater and other officers who arrived on the scene took no action to remove the two minor children from the home. Plaintiff alleges that their failure to act ultimately resulted in the death of his five-month-old son, Jacob Ketola, in October 2007. He also claims that the Defendant sergeants and deputies employed by the Allegan County Sheriff's Department refused to take Plaintiff's complaint against his wife or to contact the Michigan State Police to conduct an investigation regarding his wife's conduct. Plaintiff seeks compensatory damages of $300 million and an additional $300 million in punitive damages.

I.      Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the Michigan State Police. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, Michigan State Police, Post 56, is entitled to Eleventh Amendment immunity. *See Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999). In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *Id.; see also Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, Michigan State Police, Post 56, must be dismissed from this action.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claim that Defendants refused to investigate or bring charges against his wife following the alleged assault on August 12, 2007, fails to implicate a constitutionally protected right. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Simply put, members of the general public (even if they claim to be witnesses or victims to a crime) lack standing to enforce the criminal laws or to seek a judicial order compelling initiation of a criminal prosecution. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 691-92 (6th Cir. 1994). Consequently, Defendants' alleged failure to take a complaint from Plaintiff or to pursue charges against his wife does involve any legal right of the Plaintiff.

Plaintiff also claims that Defendants failed to remove the minor children from the home on August 12, 2007, leaving them in the home with his violent and addicted wife. Plaintiff claims that the failure to remove the children from the home ultimately resulted in the death of their son two months later. In *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989), the Supreme Court held that the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution "generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at 196. In that case, a four-year-old child named Joshua DeShaney was beaten and permanently injured by his father, with whom he lived and about whom county social workers had received several abuse complaints. *Id.*

at 191. Despite the fact that county officials "had reason to believe" that the abuse was ongoing and despite the fact that they "did not act to remove [Joshua] from his father's custody," *id*., the Court held that the County's actions did not violate the Due Process Clause. "[N]othing in the language of the Due Process Clause itself," the Court reasoned, "requires the State to protect the life, liberty, and property of its citizens against invasion by private actors," because "[t]he Clause is phrased as a limitation of the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Id.* at 195; *see also Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005).

There are two exceptions to the *DeShaney* rule, one established by *DeShaney* itself, the other by decisions of the lower courts. Under the first exception, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney*, 489 U.S. at 199-200. "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations, brackets and quotations omitted). Under the second exception, where a state creates a perilous situation that renders citizens more vulnerable to danger at the hands of private actors, a plaintiff may bring a substantive due process claim by establishing (1) an affirmative act by the State that either created or increased the risk that the plaintiff would be exposed to private acts of violence, *see Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998); (2) a special danger to the plaintiff created by state action, as distinguished from a risk that affects the public at large, *see id.*; and (3) "the requisite [state] culpability to establish a substantive due process violation," *Ewolski v. City of*

*Brunswick*, 287 F.3d 492, 510 (6th Cir. 2002). The Sixth Circuit has described the "requisite culpability" factor as requiring "deliberate indifference" by the government entity when the entity "had time to deliberate on what to do." *Bukowski v. City of Akron*, 326 F.3d 702, 710 (6th Cir. 2003).

Plaintiff's claim fails under the *DeShaney* prohibition, as the allegations of his complaint, taken as true, establish neither of the exceptions set forth above. Plaintiff's child was not in state custody, nor does he allege a state-created danger. He alleges only omission, which is insufficient. Plaintiff, therefore, fails to state a claim against the Defendant police officers for failing to remove the children from the home.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  January 17, 2008          /s/  Joseph G. Scoville
                                  United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections

may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).