UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

JOSEPH ARTHUR KETOLA,

                Plaintiff,                    Case No. 1:07-cv-1118

v.                                     Honorable Robert Holmes Bell

MICHIGAN STATE POLICE POST 56 et al.,

                                     **MEMORANDUM OPINION**

                Defendants.

_____/

       This matter is before the court on plaintiff's objections to the report and recommendation of the magistrate judge and plaintiff's motion to amend his complaint.  The report and recommendation (R&R) recommended dismissal of plaintiff's civil rights action under 42 U.S.C. § 1983 on two separate and independent grounds.  First, the R&R concluded that defendant Michigan State Police, as an arm of the State of Michigan, was entitled to Eleventh Amendment immunity.  With regard to all other named defendants, the R&R concluded that the complaint failed to state a claim upon which relief can be granted.  Relying on *Deshaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989), and its progeny, the R&R concluded that the named defendants violated no recognized federal right in their failure to investigate or bring charges against plaintiff's wife and that their failure to protect plaintiff's children against his wife is not actionable under section 1983.

       In response to the R&R, plaintiff concedes that his claim against the Michigan State Police is improper and should be dismissed.  Plaintiff seeks leave to amend in order to name further

individual defendants in place of the State Police.  Defendant also seeks to allege a claim for cruel

and unusual punishment under the Eighth Amendment, without asserting any basis for the additional

claim.  Significantly, plaintiff ignores the *Deshaney* case and the analysis of the R&R leading to the

conclusion that the complaint fails to state a claim against any defendant.  The court reviews timely

objections to a report and recommendation *de novo*.  FED. R. CIV. P. 72(b).

Having reviewed the matter *de novo*, the court concludes that the Michigan State

Police is indeed entitled to absolute immunity under the Eleventh Amendment and that the

complaint, even as amended, fails to state a claim upon which relief can be granted against any

individual defendant.  Essentially, plaintiff alleges that the failure of officers to arrest his wife in

August of 2007 and to remove their two minor children from the home ultimately resulted in the

death of plaintiff's five-month-old son in October.  The R&R correctly analyzes this claim under

*Deshaney* and its progeny, finding that the United States Constitution does not impose upon state

officers an affirmative duty to protect and that neither of the recognized exceptions to the *Deshaney*

rule could possibly apply to the facts alleged by plaintiff.  Plaintiff's objections, which ignore this

issue completely, are insufficient to persuade the court that the magistrate judge was incorrect in this

conclusion.  Furthermore, the court concludes that plaintiff's proffered amendment would be futile.

The addition of further individual defendants does nothing to cure the fundamental defect in

plaintiff's complaint, and the mere invocation of the Eighth Amendment, with no supporting facts,

fails to state a claim against any defendant.  The court further notes that the Eighth Amendment

applies only to persons in custody pursuant to a criminal judgment, *see Spencer v. Bouchard*, 449

F.3d 721, 727 (6th Cir. 2006), and that neither plaintiff nor his children were in such custody at the

time of the events giving rise to the complaint.

Having reviewed plaintiff's complaint *de novo*, the court concludes that it fails to state a claim upon which relief can be granted against any defendant and that the proffered amendment would be futile.  Judgment will therefore enter against plaintiff.


Date:     January 31, 2008          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE